United States District Court
Southern District of Texas

**ENTERED**

March 05, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BB Fly Trucking LLC, | § § § § | |
| *Plaintiff,* | § § | |
| | § | Civil Action No. 4:24-cv-04512 |
| v. | § § | |
| Regions Bank, | § § | |
| *Defendant.* | § § § § | |

## ORDER ON RULE 37 ATTORNEYS' FEES

On January 21, 2026, this Court issued an order granting Plaintiff BB Fly Trucking LLC's motion to compel (Dkt. 29) Defendant Regions Bank to supplement its inadequate responses to discovery requests, deeming Regions Bank to have waived assertions of work product privilege over its investigation of the check underlying this suit, and concluding that Regions Bank's lack of substantial justification for withholding documents and information warranted fee-shifting under Fed. R. Civ. P 37(a)(5)(A). Dkt. 42. In an ensuing February 23, 2026 order, this Court granted Plaintiff's motion for sanctions (Dkt. 51) and found that Plaintiff was entitled to further attorneys' fees under Fed. R. Civ. P. 37(b)(2)(A) because Regions Bank violated the January 21, 2026 order by continuing to withhold documents based on a work-product privilege that was deemed to be waived, violated its discovery obligations by providing

deficient privilege logs, and failed to adequately substantiate any assertions of privilege. *See* Dkt. 62 at 4-12. The same order also rejected Regions Bank's attempt to revisit the Court's earlier finding that fee-shifting is merited. *See id.* at 12.

The only remaining issues here concern the amount of Plaintiff's reasonable and necessary attorneys' fees and whether those fees should be borne by Regions Bank, its counsel, or both. After carefully reviewing Plaintiff's original and supplemental fee applications, Dkt. 45, 70, Regions Bank's responses, Dkt. 56, 77, and the applicable law, the Court concludes that Regions Bank and its outside counsel must pay to Plaintiff the sum of $6,200.00 as reasonable attorneys' fees related to Plaintiff's motion to compel (Dkt. 29), and that Regions Bank's outside counsel, alone, owes Plaintiff the further sum of $6,500.00 in reasonable attorneys' fees for violating the January 21, 2026 discovery order.

***Fees related to Plaintiff's motion to compel* (Dkt. 29).** Plaintiff requests $8,650.00 in attorneys' fees related to its original motion to compel discovery, based on 17.3 attorney hours expended and an hourly rate of $500. *See* Dkt. 45 at 5; Dkt. 45-1 at 2 (counsel's declaration); *id.* at 4-6 (billing entries). Regions Bank responds that Plaintiff is entitled "at best" to $1,500 in fees that "are directly related to Plaintiff's preparation of the motion to compel." Dkt. 56 at 12. The answer lies somewhere between those two figures.

Rule 37(a)(5)(A) states, in pertinent part, that upon granting a motion to compel, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A). Under that rule, the prevailing party can recover its fees incurred preparing and litigating the motion to compel.  *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002); *see also, e.g.*, *Johnson v. Mississippi*, 606 F.2d 635, 638 (5th Cir. 1979) (holding as a general matter that "the time expended by an attorney litigating the fee claim is justifiably included in the court's fee award"); *Eubank v. Lockhart Indep. Sch. Dist.*, 2017 WL 9325506 at *2 (W.D. Tex. Jan. 25, 2017) (applying *Johnson* to fee application under Rule 37).

The injured party is also entitled to its "reasonable expenses [including attorney's fees] caused by [the] failure to comply with discovery" that precipitated its motion to compel.  *See Tollett*, 285 F.3d at 368; *see also, e.g.*, *Williams v. Best Temporary Servs., LLC*, 2015 WL 12763508, at *2 (N.D. Tex. June 17, 2015) (awarding fees incurred preparing the successful portions of the motion to compel and conferring with opposing counsel "as to the motion to compel").  Also recoverable is the "time spent litigating the fee claim." *Eubank*, 2017 WL 9325506, at *2 (citing *Johnson*, 606 F.2d at 638).  But the injured party cannot recover fees that it would have incurred even if the motion had

3

not been filed.  *See, e.g., id.* (excluding fees for reviewing discovery responses and communicating with opposing counsel that "would have been incurred even if motion practice had not been necessary").

More generally, "a court employs the 'lodestar' method to calculate the amount of fees to be awarded under Rule 37." *Cortis, Inc. v. Cortislim Int'l, Inc.*, 2014 WL 12577397, at *3 (citing *Tollett*, 285 F.3d at 367, which utilized the lodestar method).  Under that method, the court takes the "number of hours reasonably expended" and multiples that "by an appropriate hourly rate in the community for such work." *Id.* (quoting *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)).  As with all fee requests, the party seeking fees under Rule 37 bears the burden to prove that the attorney-hours expended and the attorney's billable rate are reasonable.  *See id.*

The foregoing standards exclude some of Plaintiff's requested attorneys' fees.  In particular, the attorney work reflected in the billing entries from November 15, 2025 through December 12, 2025, 4.0 hours in all, Dkt. 45-1 at 4, is not recoverable because such "[r]eview of discovery responses and communication with opposing counsel is part of the discovery process, and those fees would have been incurred even if motion practice had not been necessary." *Eubank*, 2017 WL 9325506, at *2 (excluding analogous attorney hours).  Indeed, conferring about alleged discovery deficiencies is not only expected but required before seeking court intervention.

With one exception, the attorney hours from December 17, 2025 onward relate directly to Plaintiff's motion to compel and were caused by Regions Bank's discovery deficiencies.   Recoverable hours include 12.4 hours of attorney time spent (a) notifying Regions Bank about Plaintiff's intent to file a motion to compel, (b) preparing and finalizing the motion to compel before filing it; (c) conducting post-motion conferences and negotiations with Regions Bank's counsel; (d) reviewing related Court orders and participating in the hearing on the motion to compel; and (e) preparing Plaintiff's fee application. *See* Dkt. 45-1 at 5-6.  As concluded in a previous order, Dkt. 42 at 9, the mere fact that Regions Bank ultimately capitulated on some of the issues does not alter Plaintiff's entitlement to fees necessitated by Regions Bank's failure to comply with discovery obligations at the outset.  *See* Fed. R. Civ. P. 37(a)(4)(A).

But the Court excludes .9 hours that Plaintiff's counsel spent reviewing Regions Bank's amended discovery responses *after* the January 20, 2026 hearing that resolved Plaintiff's motion to compel.  *See* Dkt. 45-1 at 6 (January 21, 2026 entry).  That work would have been necessary even if Regions Bank had provided the requested information in the first instance.  *See, e.g.*, *Cortis, Inc.*, 2014 WL 12577397, at *3 ("Because fees for reviewing discovery responses would have been incurred regardless of the failure to comply with the order and were not actually cause by a discovery violation, they are not recoverable.").

Thus, only 12.4 hours of attorney time in Plaintiff's fee application (Dkt. 45) are recoverable.  Having reviewed those billing entries, the Court concludes that the amount of time spent on each individual task is reasonable. Further, Regions Bank does not dispute, and the Court also finds, that the $500 hourly rate for Plaintiff's counsel is reasonable in this type of case, especially considering counsel's qualifications and 37 years of experience litigating commercial and lender liability cases. *See* Dkt. 45-1 at 2.  Applying the lodestar method, the appropriate attorneys' fee award for Plaintiff's successful motion to compel is $6,200.00.

Based on the discussions at the January 20, 2026 hearing, it is apparent that the fault for the discovery deficiencies lies with both Regions Bank and its outside counsel.  As a result, both client and counsel are jointly and severally liable to Plaintiff for those fees.

***Attorneys' fees related to Plaintiff's motion for sanctions* (Dkt. 51)**. At the Court's direction, Plaintiff filed a supplement detailing its attorneys' fees relating to its motion requesting sanctions for Regions Bank's failure to comply with the January 21, 2026 discovery order.  *See* Dkt. 70.   The supplement seeks an additional $8,550.00 in fees based on 17.1 attorney hours at counsel's $500 hourly rate. *See id.* at 4; Dkt. 70-1 at 2 (counsel's declaration); *id.* at 4-5 (billing entries).  Regions Bank responded that it does not dispute the reasonableness of those fees. *See* Dkt. 77.  Nevertheless, the Court's analysis

6

of the original fee application merits reducing a portion of Plaintiff's requested supplemental fees.

Like counsel's review of Regions Bank's original discovery responses and his initial communications with opposing counsel about those responses, neither counsel's review of Regions Bank's privilege log (on January 28, 2026) nor counsel's initial correspondence flagging deficiencies (on January 29, 2026) is recoverable. *See* Dkt. 70-1 at 4. Those tasks, totaling 4.0 hours, would need to be undertaken in every case even without seeking relief.

The remaining attorney hours, however, were incurred because of Regions Bank's failure to comply with the January 21, 2026 discovery order despite Plaintiff's pre-motion efforts to resolve the issue. This includes Plaintiff's counsel's combined 13.1 hours spent (a) research and drafting the motion for sanctions; (b) reviewing related Court orders and responsive briefing; (c) preparing for and participating in the hearing; and (d) preparing the supplemental fee application. *See* Dkt. 70-1 at 4-5 (entries dated February 4, 2026 through February 27, 2026). In addition, both counsel's time expended on each task and his hourly rate are reasonable. Based on the lodestar method, the appropriate fee award for Plaintiff's successful motion for sanctions is $6,550.00.

The nature of the sanctionable conduct dictates that those fees should be taxed against Regions Bank's outside counsel. Counsel was responsible for

preparing the privilege logs that were not only inadequate on their face, but also defied the January 21, 2026 order's finding that work-product privilege had been waived and ignored the order's warning not to use the privilege log as an end-run around that finding. As the Court observed, counsel "appeared wholly unfamiliar with the Order's express restrictions" about the privilege log and Regions Bank's waiver of work product privilege "when confronted with them at the hearing." Dkt. 62 at 9. Because the fault lies with counsel, it is counsel who must reimburse Plaintiff for its $6,500.00 in attorneys' fees.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff's original motion for attorneys' fees (Dkt. 45) is **GRANTED IN PART**. Plaintiff is entitled to recover $6,200.00 in attorneys' fees from Regions Bank and its outside counsel, jointly and severally, under Fed. R. Civ. P. 37(a)(5)(A).

It is further **ORDERED** that Plaintiff's supplemental motion for attorneys' fees (Dkt. 70) is **GRANTED IN PART**. Regions Bank's outside counsel must reimburse Plaintiff for $6,500.00 in attorneys' fees under Fed. R. Civ. P. 37(b)(2)(A) for violating the January 21, 2026 discovery order.

It is **ORDERED** that all attorneys' fees must be paid by **April 3, 2026**.

Signed on March 5, 2026, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

8