United States District Court
Southern District of Texas
**ENTERED**
March 05, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BB FLY TRUCKING LCC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-4512 |
| | § | |
| REGIONS BANK, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court are Defendant's Motion to Strike Plaintiff's Jury Demand (Document No. 46), and Defendant's Motion for Leave to File Documents Redacted and Under Seal in Connection with Defendant's Reply in Support of Motion to Strike Jury Demand (Document No. 74). Having reviewed the motions, submissions, and applicable law, the Court determines that the motion to strike Plaintiff's jury demand should be granted and the motion to file under seal should be denied as moot.

## I. BACKGROUND

This is a breach of contract case. Plaintiff BB Fly Trucking LLC ("Plaintiff") is a small trucking company owned by a non-party to this case, Natasha Galloway ("Galloway"). On October 25, 2023, Galloway deposited a check on behalf of Plaintiff in the amount of $30,000 with Defendant Regions Bank ("Defendant").

Shortly thereafter, Defendant issued a notice to Plaintiff stating that $5,300 of the check would be held until October 26, 2023. Defendant then issued a second notice to Plaintiff stating that $24,475 of the check would be held until November 2, 2023. On October 26, 2023, the first $5,300 hold was released. However, the second $24,475 hold was not released until November 23, 2023, after Galloway contacted a local news station for assistance.

Based on the foregoing, on October 22, 2024, Plaintiff filed this lawsuit in the 61st Judicial District Court of Harris County, Texas, asserting claims against Defendant for breach of contract, violation of Regulation CC, negligence, negligence per se, breach of warranty, and violation of the Texas Deceptive Trade Practices Act.[1] On November 15, 2024, Defendant removed the case to this Court pursuant to diversity jurisdiction. On January 28, 2026, Defendant moved to strike Plaintiff's jury demand.[2] On February 18, 2026, Plaintiff responded in opposition.[3] On February 25, 2026, Defendant filed a reply in support of its motion.[4] Lastly, on

---

[1] *See Notice of Removal*, Document No. 1, Exhibit A-2 at 10–13 (*Plaintiff's Complaint*).

[2] *See Defendant's Motion to Strike Plaintiff's Jury Demand*, Document No. 46 at 1.

[3] *See Plaintiff's Response to Defendant's Motion to Strike Jury Demand*, Document No. 57 at 1.

[4] *Defendant's Reply in Support of its Motion to Strike Jury Demand*, Document No. 64 at 1.

March 2, 2026, Defendant moved for leave to file documents connected to its reply under seal.[5]

## II. LAW & ANALYSIS

Defendant moves to strike Plaintiff's jury demand contending that "[p]ursuant to the applicable contract between Regions and BB Fly, Plaintiff contractually waived its right to a jury trial."[6] In response, Plaintiff contends that Defendant's motion should be denied, arguing that the right to a jury trial was not waived.

Generally, "[t]he right of trial by jury as declared by the Seventh Amendment of the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Fed. R. Civ. P. R. 38(a). However, "[c]ourts have long honored parties' agreements to waive the jury right if the waiver is knowing and voluntary." *Pizza Hut LLC v. Pandya*, 79 F.4th 535, 538 (5th Cir. 2023). Once the party moving to strike a jury demand establishes a facially valid contract containing a jury waiver, the burden shifts to the nonmovant to show it is nonetheless entitled to a jury. *See id.* at 541.

---

[5] *See Motion for Leave to File Documents Redacted and Under Seal in Connection with Defendant's Reply in Support of Motion to Strike Jury Demand*, Document No. 74 at 1.

[6] *Defendant's Motion to Strike Plaintiff's Jury Demand*, Document No. 46 at 1.

Here, Defendant contends that "by executing the Deposit Agreement, the Plaintiff knowingly, voluntarily, and intelligently waived its right to a jury trial."[7] In response, Plaintiff contends that Defendant has failed to meet its burden of establishing a valid contract because Defendant "has not produced evidence establishing that Plaintiff ever assented to a deposit agreement containing a jury waiver."[8] Furthermore, Plaintiff contends that Defendant "did not produce a signature card or any document evidencing assent."[9]

In considering Defendant's motion, the Court has considered the clear language of the deposit agreement, which states, in relevant part, "Acceptance Of This Agreement. By signing a signature card when you open an account, by signing any signature maintenance card or other account document for an account, by opening or modifying an account electronically, by depositing funds into, or withdrawing funds from, any account, by being named as a beneficiary or joint owned by an existing owner of an account[.]"[10] The Court notes that it is not disputed

---

[7] *Defendant's Motion to Strike Plaintiff's Jury Demand*, Document No. 46 at 5.

[8] *See Plaintiff's Response to Defendant's Motion to Strike Jury Demand*, Document No. 57 at 2.

[9] *See Plaintiff's Response to Defendant's Motion to Strike Jury Demand*, Document No. 57 at 4.

[10] *Defendant's Motion to Strike Plaintiff's Jury Demand*, Document No. 46, Exhibit A at 7 (*Deposit Agreement*).

that Plaintiff deposited funds into the account and further notes that the existence of the contract being challenged by Plaintiff here is the very contract that Plaintiff is alleging Defendant breached.[11] Based on the foregoing, and given the clear language of the deposit agreement with respect to acceptance, the Court finds that a valid contract exists between Plaintiff and Defendant.

The Court has further considered the language of the contract, clearly stating that "[w]hether any controversy is arbitrated or settled by a court, you and we voluntarily and knowingly waive any right to a jury trial with respect to such controversy to the fullest extent allowed by law."[12] Based on the foregoing, and the fact that Plaintiff's only rebuttal to Defendant's present motion concerns the validity of the contract, the Court finds that a valid jury waiver was entered into by the parties in this matter. Considering the clear guidance of the Fifth Circuit that the burden shifts to the Plaintiff to show that it is entitled to a trial by jury following a finding of a valid waiver, and absent any argument or evidence by the Plaintiff showing that it is entitled to a trial by jury in light of the valid jury waiver, the Court finds that Plaintiff's jury demand should be struck.

### III. CONCLUSION

Based on the foregoing, the Court hereby

---

[11] *See Plaintiff's Complaint*, Document No. 1 at 10.

[12] *Deposit Agreement*, Document No. 46 at 11.

5

**ORDERS** that Defendant's Motion to Strike Plaintiff's Jury Demand (Document No. 46) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's jury demand in this matter is **STRUCK**. The Court further

**ORDERS** that Defendant's Motion for Leave to File Documents Redacted and Under Seal in Connection with Defendant's Reply in Support of Motion to Strike Jury Demand (Document No. 74) is **DENIED AS MOOT**.

SIGNED at Houston, Texas, on this __5__ day of March, 2026.

DAVID HITTNER
United States District Judge

6